IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| MARK HAYASHI,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>TRAVELERS PROPERTY AND CASUALTY COMPANY OF AMERICA,<br><br>　　　　　Defendant. | CV 23-92-BLG-SPW-TJC<br><br>**FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |

This action was originally brought by Plaintiff Mark Hayashi ("Plaintiff") in the Montana Thirteenth Judicial District Court, Yellowstone County. (Doc. 1-2 at 1-4.) Thereafter, Defendant Travelers Property and Casualty Company of America ("Travelers") removed, invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332(a) and 1441. (Doc. 1.)

Presently before the Court is Plaintiff's Motion to Remand. (Doc. 9.) The motion is fully briefed and ripe for the Court's review. (Docs. 19, 20, 31.)

Having considered the parties' submissions, the Court, **RECOMMENDS** Plaintiff's motion be **DENIED**, as set forth below.

I.　　BACKGROUND

This case arises out of an automobile accident that occurred on July 23, 2014 in North Dakota. At the time of the accident, Plaintiff was a passenger in a van

1

that was insured by his employer Schlumberger Technologies, Corp., under Travelers Policy TCJ-CAP-257T0343-TIL-14. On April 30, 2015, Plaintiff submitted a claim under the Policy's Personal Injury Protection coverage. The claim was denied on July 7, 2023.

On June 6, 2023, Plaintiff filed this action in state court, alleging claims for breach of contract and violation of Montana's Unfair Trade Practices Act ("UTPA"). Plaintiff seeks to recover unpaid policy benefits, plus compensatory damages for bad faith, "in an amount not to exceed $75,000 exclusive of attorney fees and costs." (Doc. 1 at 14.) Plaintiff also seeks to recover his "attorney's fees and costs to litigate this claim." (*Id.*)

On August 15, 2023, Defendants timely removed the action to this Court. (Doc. 1.)

## II. DISCUSSION

"Federal courts are courts of limited jurisdiction," and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Removal of civil actions from state court is permitted only when the federal court has original jurisdiction over the action, and removal is not otherwise expressly prohibited by statute. 28 U.S.C. § 1441. Federal district courts have original jurisdiction over actions "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and in

2

actions where there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.  28 U.S.C. § 1332.

The removal statute is to be strictly construed.  *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941).  "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Kokkonen*, 511 U.S. at 377 (internal citation omitted).  The presumption against removal jurisdiction "means that the defendant always has the burden of establishing that removal is proper."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  Any doubts about federal jurisdiction should be resolved in favor of remand.  *Id.*

Here, the parties do not dispute that there is complete diversity of citizenship.  The only issue in dispute is whether the amount in controversy satisfies the jurisdictional threshold.  Plaintiff argues this action must be remanded to state court because the case does not meet the jurisdictional amount of $75,000 in controversy.

"The amount in controversy is what is at stake in the litigation at the time of removal."  *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 418 (9th Cir. 2018)  The amount includes "damages (compensatory, punitive, or otherwise) . . . as well as attorneys' fees awarded under fee shifting statutes."  *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648–49 (9th Cir. 2016)).

Plaintiff contends, however, that anticipated, but unaccrued, attorney fees should not be included in determining the amount in controversy. In contrast, Travelers asserts that Plaintiff's future recoverable attorney's fees should be included, and if they are, the jurisdictional requirement is met.

In support of his argument, Plaintiff cites to an unpublished opinion from this District that held attorney fees incurred after the date of removal should not be included in the amount in controversy. *See Byorth v. USAA Cas. Ins. Co.*, CV-15-51-BMM, Docket No. 31 (D. Mont. Sept. 28, 2015). In *Byorth*, the court noted that district courts in the Ninth Circuit were split as to whether "only those attorneys' fees that have accrued at the time of removal should be considered in calculating the amount in controversy, or whether the amount in controversy also may include reasonable estimates of attorneys' fees that likely will accrue after removal." *Id.* at 4. The court further noted that the Ninth Circuit had not yet ruled on the issue. *Id.* at 5. The court ultimately chose to follow the view that future attorney fees should not be included in the amount in controversy. *Id.*

The court's opinion in *Byorth*, however, is no longer valid in the wake of intervening Ninth Circuit case law. Approximately three years after *Byorth* was decided, the Ninth Circuit clarified that future recoverable attorney fees must be included when assessing whether the amount in controversy requirement is met. *See Fritsch v. Swift Transp. Co. of AZ*, 889 F.3d 785, 794 (9th Cir. 2018); *Chavez*

*v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (2018).  Accordingly, the Court finds Travelers appropriately included prospective attorney fees when determining the amount in controversy.

On reply, Plaintiff concedes *Byorth* is invalid, but argues that because he didn't personally pay the premium for the Policy, he might not be able to recover attorney fees.  But at the same time, Plaintiff maintains in this action that he "is an insured under the Travelers policy," and that "[a]s an insured who was forced to litigate against his own insurer, [he] is entitled to recover attorney fees and costs of litigation." (Doc. 1 at 13.)  Plaintiff cannot have it both ways.  There is a reasonable basis to believe Plaintiff can recover attorney fees because Plaintiff, as an insured under the Policy, is a first party claimant.  *See Riordan v. State Farm Mut. Auto. Ins. Co.*, 589 F.3d 999, 1007 (9th Cir. 2009) (explaining that under Montana law, the insurance exception to the American Rule applies to first-party claimants, but not to third-party claimants).  Plaintiff's claim for attorney fees, therefore, should be considered in the amount in controversy.

For his damages, Plaintiff is claiming up to $74,999 in unpaid benefits and bad faith damages.  Specifically, Plaintiff alleges he is entitled to $30,000 in unpaid benefits, plus bad faith damages that "do not exceed $44,999." (Doc. 1 at 12, ¶ 41; Doc. 31-1 at ¶ 6.)  The inclusion of virtually any amount of attorney fees will, therefore, push the amount in controversy past the $75,000 threshold.  The

parties have already filed multiple contested motions in this cases. (Docs. 3, 9, 26, 35, 39.) Thus, an appreciable sum of attorney fees have already been expended in this case, and will likely continue to accrue. Plaintiff's claimed damages, plus the attorney fees at stake in this litigation, clearly place the amount in controversy over $75,000.

The Court, therefore, finds, the amount in controversy exceeds the jurisdictional threshold. As such, Plaintiff's motion to remand should be denied.

## III. CONCLUSION

Based on the foregoing, **IT IS RECOMMENDED** that Plaintiff's Motion to Remand (Doc. 9) be **DENIED**.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendations of United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendations must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after service hereof, or objection is waived.

DATED this 3rd day of November, 2021.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge